## MOUTON et al. v. COMEAUX.

### No. 1203.

Court of Appeal of Louisiana. First Circuit.

Oct. 5, 1933.

Voorhies & Labbe, of Lafayette, for appellant.

Dan Debaillon, of Lafayette, for appellees.

ELLIOTT, Judge.

Mrs. Hortense G. Mouton, wife of Joseph E. Mouton, the said Joseph E. Mouton joining his wife in the suit, brought a possessory action against Dr. J. Arthur Comeaux, concerning a parcel of land, situated in the city of Lafayette, described in her petition as: "That certain parcel of ground, having a front of 75 feet on Douglas Street by a depth in parallel lines of 99.02 feet, bounded Northerly by the property of Dr. T. B. Hopkins or assigns, Southerly by the property of J. Arthur Comeaux, Easterly by the property of petitioner and of Joseph E. Mouton and Westerly by Douglas Street."

The further averments are that her possession of said property as owner has for several years extended to a certain hedge and the north wall of a garage demarcating the division line between her property and the property possessed by J. Arthur Comeaux and his authors in title, petitioner possessing the property north of said line and the said Comeaux and his authors in title possessing that south of said line, except that the front or west wall of said garage, about 2 feet in width, extended about one foot north of said line of demarcation; that said division line as was fixed by said hedge and said garage wall is located at a point 116.3 feet northerly from the inner edge of the said walk on Congress street, the property possessed by the said J. Arthur Comeaux being situated between said division line and Congress street.

Mrs. Mouton claims to have had the real, actual possession of said land, as owner, quietly and without interruption for several

years up to the southern boundary above described, immediately preceding the institution of this suit.

She alleges that on May 26, 1931, Dr. J. Arthur Comeaux destroyed the hedge, tramped on her flowers, entered upon her possession, ejecting her therefrom, and constructed a fence, taking within his yard and possession a strip of land of which she had the possession, as owner, at the time of his invasion.

She prays that he be ordered to take down his fence, retire to his previous limits, and that she be maintained and quieted in her possession within her previous limits.

The defendant, for answer, denies that the hedge and the north wall of the garage, referred to in plaintiffs' petition, marked the limits of their respective possessions. He alleges that his limits were north of the hedge; that he constructed a fence along the limits of his true possession, beginning at a fence post, which is situated 119.5 feet distant from the inner side of the sidewalk on Congress street, running to Douglas street and intersecting same at a right angle; that he has had actual possession of same for more than a year and a day previous to the institution of plaintiff's suit; that plaintiff's suit constituted a disturbance of his possession, etc.

He prays that plaintiff's demand be rejected, and that he be confirmed in his present limits.

There was judgment in favor of the plaintiffs as prayed for. Defendant has appealed.

Articles 55 and 56 of the Code of Practice were amended by Act No. 202 of 1920, but defendant does not plead title under the new law in aid of his alleged possession. Under the pleadings, the only question at issue is that of possession. The plaintiff in a possessory action must take the initiative and prove possession, as owner, and that he has been evicted or disturbed by the defendant within a year from the time he instituted suit to recover.

The defendant offered some titles in evidence for the purpose of showing the extent of his possession, but they were not brought up in the record, so we have for our consideration only the physical facts developed on the trial.

We think it established by the evidence that about twenty-seven years ago, counting from the institution of the present suit, Mrs. Eraste Mouton, mother of Joseph E. Mouton, owned and actually possessed a strip of land, referred to in the testimony as an alleyway, the exact width of which is not clear; but it was probably 4 or 5 feet wide, ran along the entire southern width of the parcel of land, claimed by the plaintiff, and the entire northern width of the parcel, which is now claimed by the defendant, separating the parcel now claimed by the plaintiff from that claimed by the defendant. At that time, on account of this intervening parcel, the land now claimed by the plaintiff and that claimed by the defendant were not contiguous and did not adjoin. The alleyway, then belonging to and possessed by Mrs. Eraste Mouton, separated them from each other. At that time and for say about ten years thereafter a wooden fence separated the northern side of the alley from the possession and southern limits of Joseph E. Mouton, who then owned the land, which is now owned by the plaintiff, his wife, and another wooden fence in the same way and at the same time separated the southern side of the alley from the possession and northern limits of the predecessors of Dr. J. Arthur Comeaux, who then owned the land now owned by him. This alley was used by Mrs. Eraste Mouton as a passageway leading from property she then owned to Douglas street. It also afforded a back entrance from property she then owned into the property now owned by the plaintiff.

About ten years ago Joseph E. Mouton acquired the ownership of the ground that formed the alley, upon which he took down the fence, which had separated it from his parcel of ground, situated north of it, thus adding that much in width and length to his possession, after which the fence, which had separated the alley from the northern possession and limits of that now owned by Comeaux, remained in the same place in which it had formerly stood, thus constituting from that time on the boundary limits between the possession of Joseph E. Mouton and that of the predecessors of the defendant.

Warren Domengeaux, defendant's immediate author, while owner and possessor of the property now owned by the defendant, during or about the year 1923 took down the fence, which he says in his testimony was the boundary line between him and Joseph E. Mouton, and planted a hedge, the same hedge referred to in the petition of the plaintiff. Speaking of this hedge, Mr. Domengeaux says: "I planted the hedge inside of my northern line so that when it needed trimming or needed work, I would not have to go upon the land of my neighbor to do so." "It was not my intention to establish a new boundary line but, as I mentioned before, I wanted to allow sufficient space on which to pass to trim my hedge without going on my neighbor's property." In another place he says he planted the hedge to keep people from passing over his land in order to get to the land of his neighbor. It is clear that he never intended to enlarge his possession. He intended to maintain his old possession only and no more. Now just how far within the line of the fence, that he took down, he planted the hedge, the evidence is not satisfactory. The exact place where the fence stood is not satisfactorily pointed out by the evidence, but it is reasonably certain that the hedge was

planted close to the line where the fence had stood, likely within 10, 12, or 14 inches of it. This hedge grew in width until at the top it was about 3 feet wide.

Domengeaux, it appears, had the hedge trimmed twice after he planted it. His yard-man trimmed it on its northern side by going on the northern side of it and at the same time worked the hedge by spading up a strip of ground along the northern side of it about a foot and a half wide to which no objection was made by the plaintiff. The trimming of the hedge on the northern side and spading a narrow strip of land along by the northern side of it was an act which may be differently viewed. Permission does not appear to have been obtained from the plaintiff for the purpose, but plaintiff probably would have tolerated the presence of Domengeaux's yard-man on her side of the hedge for the purpose of what he was doing, although by her considered to be within the limits of her possession.

Joseph E. Mouton in the meantime by title transferred his property and possession to his wife, the present plaintiff, and Warren Domengeaux transferred his property and possession to Dr. J. Arthur Comeaux, the present defendant.

While the fence remained there was no dispute about the limits of their respective possessions. The plaintiff possessed, as owner, up to the fence and afterwards to the hedge. Not long after Dr. Comeaux acquired title from Domengeaux, he dug up the hedge and erected a fence, which he claims stands on and marks the limits of his possession. He claims it is where the fence stood, that Domengeaux took down, but we are satisfied that he is mistaken. We are satisfied from the evidence on the subject that the new fence is likely nearer the place where stood the fence on the north side of the alley, when an alley separated these two properties as heretofore stated, and that the fence erected by Dr. Comeaux is well within the limits of plaintiff's possession and served to eject her as alleged in her petition.

We are satisfied that the lower court endeavored, by the judgment rendered, to replace the possessions of the parties as near as possible to the place where stood the fence that Domengeaux removed. The exact place where the fence stood should have been marked, but it was not done. The place where it stood is now a matter of dispute, and the evidence is not sufficient to enable us to say that the lower court is in error in the matter.

Some parties, called as witnesses, could not remember that an alley, inclosed on each side by a fence with a gate opening on Douglas street, the other end of the alley being left open, once existed between properties north and south of the alley; but we are satisfied that the alley did exist with a fence on each side as stated by Joseph E. Mouton.

The interest taken by the parties in their respective contentions is reflected by the record. Carefully prepared briefs have discussed the facts, cited decisions, and helped us in understanding the situation.

The judgment appealed from is in our opinion correct.

Judgment affirmed. Defendant and appellant to pay the costs in both courts.